UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER ANTONIO DIAZ OROZCO,

     Petitioner,

v.

KEVIN RAYCRAFT, et al.,

     Respondents.

CASE NO. 1:26-cv-1574

HON. ROBERT J. JONKER

_____/

## ORDER

Just moments ago, Petitioner filed an *ex parte* application for a TRO blocking what his lawyer believes will be his imminent deportation. (ECF No. 4). Petitioner's claim is that Respondents are unlawfully moving him through an expedited removal process even though he was released on parole May 14, 2024. *Id*. According to the original Petition, the grant of parole was for a two-year period. (ECF No. 1, PageID.1). Petitioner says the parole was not properly revoked but that Respondents arrested him April 13, 2025, in any event. *Id.*

Under FED. R. CIV. P. 65(b), the Court may issue an *ex parte* temporary restraining order only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition[,]" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." In exercising its discretion when considering a request for injunctive relief, a court must consider four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm

to others; and (4) whether the public interest will be advanced by issuing the injunction." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). The moving party need not win on every factor. *Id.* Instead, the factors "are to be balanced against each other." *Id.* (quotation omitted). The Court has reviewed the Complaint and motion papers and is not persuaded that Plaintiffs have made the showing Rule 65(b) requires for *ex parte* relief.

To start, Petitioner does not meet the procedural requirements for an *ex parte* TRO.  He has not submitted any verified materials in support of the TRO, or of any other requested relief for that matter. Nor has he specified any efforts to give notice to the Respondents. This is reason enough to deny a request for *ex parte* relief. *See Akhmedov v. Noem*, No. 1:26-cv-37, ECF No. 9, PageID.120 (W.D. Mich. Feb. 25, 2026) (denying TRO because of "unverified statement"). Beyond that, the combined allegations of the original Petition and the just-filed *ex parte* Motion establish that the grant of parole expired by its terms no later than May 13, 2026, which would be the end of the 2-year grant given May 14, 2024.  Under 8 C.F.R. § 212.5(e)(1), parole expires by its terms without separate notice to Petitioner.  So even accepting everything Petitioner has alleged so far, his parole status has expired and would no longer be a barrier to expedited removal. *See Aray Lattinez v. Mullin*, No. 1:26-cv-1072, ECF No. 6, PageID.2 n.1 (W.D. Mich. April 20, 2026) (declining to grant immediate release where the petitioner's parole expired while in immigration detention). Finally, the Court notes that Petitioner was arrested in April of 2025 and has therefore been in immigration detention for over a year.  Yet he did not file any petition for relief until May of 2026.  The record includes no explanation of why he is just now bringing the issue to the Court's attention.

Accordingly, the *ex parte* Motion for TRO is **DENIED**.

**IT IS SO ORDERED.**

2

Dated:  May 18, 2026                        /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE