UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER ANTONIO DIAZ OROZCO,

     Petitioner,

v.

KEVIN RAYCRAFT, et al.,

     Respondents.

CASE NO. 1:26-cv-1574

HON. ROBERT J. JONKER

_____/

## **ORDER**

Less than a day after the Court denied Petitioner's *ex parte* application for a TRO, Petitioner filed a second application for a TRO that attempted to address the problems that the Court had with the first one.  (ECF No. 7). Like before, Petitioner asks this Court to block his expedited removal and to order his immediate release, or at least a bond hearing.  (*Id.* at PageID.36). Petitioner also repeats his request for an order precluding Respondents from removing Petitioner from this district.  (*Id.* at PageID.43).[1] Petitioner's claim is that Respondents are unlawfully moving him through an expedited removal process even though he was released on parole on May 13, 2024. (*Id.* at PageID.38). Petitioner says the parole was not properly revoked but that Respondents arrested him April 13, 2026, in any event.[2]  *Id.*

---

[1] This aspect of the motion may be moot, either because Petitioner has already left the district, (ECF No. 7-1, at PageID.46-47 (suggesting that Respondents were moving Petitioner to Detroit, which is not in this district)), or because Petitioner remains subject to the jurisdiction of this Court no matter where Respondents move him.  (ECF No. 8, at PageID.63 (Respondents opposing a "no transfer" order because "the Court will maintain jurisdiction regardless of where DHS holds Petitioner")).

[2] Petitioner acknowledges that his first complaint contains multiple "scrivener's errors." For example, he alleged that he was detained on April 13, 2025, rather than April 13, 2026. (ECF No. 7, PageID.38). And he also states that he came to the United States on April 13, 2024, rather than May 13, 2024. The Court appreciates Petitioner's attempt to clarify the record. But at the same time, factual inconsistencies and

Under FED. R. CIV. P. 65, when all parties have notice and opportunity to be heard, the Court may issue emergent relief after weighing four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). The moving party need not win on every factor. *Id.* Instead, the factors "are to be balanced against each other." *Id.* (quotation omitted). The Court has reviewed Petitioner's Amended Complaint and motion papers, as well as Respondents' response, and is still not persuaded that Petitioner is entitled to emergent relief.

Petitioner has notified opposing counsel, and Respondents have already filed a substantive response. So this is no longer an *ex parte* application. But it is still an application for emergent relief, and so the Court is still interested in ensuring that an appropriate factual record exists to support any such request.  Normally, when the Court is proceeding on papers, the Court requires verified factual statements.  Petitioner has tried to address the verification issue by submitting a declaration with his attorney's signature. But the attorney's recitals demonstrate that he did not have personal knowledge of many of the facts described in his declaration. Rather, counsel was reporting what he learned through "emails and text messages from Petitioner's family" that describe Petitioner's situation.  (ECF No. 7-1, PageID.47). Petitioner's counsel statements, which recite only information that he heard from others, do not justify the extraordinary remedy of a TRO. *See Jarrett v. Snyder*, No. 1:13-CV-139, 2013 WL 3270911,  at *4 (W.D. Mich. June 27, 2013) (denying TRO because although the plaintiff including a "notarized verification" in which

---

mistakes in the record highlight the need for careful analysis before granting the extraordinary relief of a TRO.

he stated  that the information was "true and correct to the best of [his] knowledge, information, and belief," these statement were "not sufficient" because they were not based on his "personal knowledge"); *see also* 11A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2949 (3d. ed. 2026) ("[W]hen the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for a preliminary injunction."); *Koorsen Fire & Sec., Inc. v. Westerfield*, No. 1:17-CV-845, 2018 WL 3549850, at *7 (S.D. Ohio May 22, 2018) (same).

But more substantively,  the Court is still not persuaded that the Petitioner has a probability of success on the merits. The record shows that Petitioner's parole expired no later than May 16, 2026.[3] *See* 8 C.F.R. § 212.5(e)(1) (noting that parole expires by its terms without separate notice to petitioner). So, as the Court noted in its denial of Petitioner's first TRO, he cannot rely on parole as a barrier to expedited removal. *Cf. Aray Lattinez v. Mullin*, No. 1:26-cv-1072, ECF No. 6, PageID.2 n.1 (W.D. Mich. April 20, 2026) (declining to grant immediate release where the petitioner's parole expired while in immigration detention). More broadly, the Court does not believe Petitioner has even established a probability of success on the fundamental question of whether this Court has jurisdiction to review a challenge to the government's decision to apply expedited removal. Respondents argue the Court does not.  (ECF No. 8, at PageID.60-61). Case law seems to support this view. *See Shunaula v. Holder*, 732 F.3d 143 (2d Cir. 2013) (concluding 8 U.S.C. § 1252(e)(2) deprives the "court of jurisdiction to hear challenges relating to the Attorney

---

[3] The record is unclear as to the date that Petitioner's parole expired. Petitioner originally alleged that he arrived in the United States on May 14, 2024, and was paroled for a for a two-year period, thus expiring on May 13, 2026. But Petitioner also argues, and the parole stamp submitted by the Petitioner indicates, that his parole expired May 16, 2026. (ECF No. 7-2, PageID.50). Respondents, on the other hand, argue that Petitioner's parole expired in June 2025 when the government terminated it following Petitioner's arrest for Operating While Intoxicated.  (ECF No. 8, PageID.52). The correct date is immaterial because under any scenario, Petitioner's parole has now expired.

General's decision to invoke expedited removal"); *Khan v. Holder,* 608 F.3d 325, 329–30 (7th Cir.2010) (holding that, under § 1252(a)(2)(A), court "lack[s] jurisdiction to inquire whether the expedited removal procedure to which the Khans were subjected was properly invoked"). The Petitioner does not respond to this point.  Furthermore, even assuming there is jurisdiction, the Court is not persuaded that habeas is the proper vehicle for bringing those claims.  (ECF No. 8, at PageID.61-62). The Court concludes that Petitioner has not demonstrated he is likely to succeed in overturning the validity of his expedited removal order in this case.

Probability of success is a key factor in assessing the propriety of emergent relief, but not the only one. Petitioner certainly faces harm that would be difficult to undo or remedy if Respondents complete an improper expedited removal. There is no claim of record, however, that Petitioner has dependents here in the United States, or anyone else that would suffer derivative harm.  In contrast, enjoining completion of a statutorily authorized expedited procedure—one which includes statutory limits on judicial review—would inevitably compromise the legislative purpose of creating an expedited process in the first place, as well as the executive purpose of using it to advance its immigration policies. Considering all the factors, including the absence of a probability of success on the merits, the Court denies Petitioner's renewed emergency motion for a TRO.

Accordingly, the Emergency Motion (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 20, 2026          /s/ Robert J. Jonker
                              ROBERT J. JONKER
                              UNITED STATES DISTRICT JUDGE

4